Celso Tapia Ocasio y María Luisa Cruz, demandantes y apelados, *v.* Pedro Martínez Cancel y The Great American Indemnity Co., demandados y apelantes.

Núm. 9890.—*Sometido:* Mayo 2, 1949. *Resuelto:* Mayo 31, 1949.

*Francis e Ydrach,* abogados de los apelantes; *David Curet Cuevas,* abogado de los apelados.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Esta es una apelación contra una sentencia del Tribunal de Distrito de San Juan declarando con lugar demanda de daños y perjuicios por la que se condenó a los demandados a pagar a los demandantes la suma de $1,500, más las costas y $200 de honorarios de abogado, como consecuencia de un accidente sufrido por María Luisa Cruz al ser arrollada por un camión del demandado en momentos en que dicho vehículo caminaba hacia atrás.

La prueba de los demandantes no estableció qué persona guiaba el camión al momento del accidente, pero sí demostró que dicho vehículo con tablilla [placa de número] HP–2643 y licencia CT–85, pertenecía al demandado Pedro Martínez Cancel, acreditado este extremo con una certificación del Comisionado del Interior. Los demandados no presentaron prueba de clase alguna.

La única cuestión a resolver en este recurso es si, en ausencia de prueba en ·cuanto a la persona que manejaba el vehículo cuando ocurrió el accidente, la sentencia de la corte inferior debe ser revocada no obstante haberse probado que el camión estaba inscrito a nombre del demandado Martínez Cancel.

El artículo 11, inciso (*b*) de la Ley núm. 279 de 5 de abril de 1946, Leyes de ese año, pág. 633, dispone, en lo pertinente que "En cualquier acción instituída, por virtud de las disposiciones de esta Ley, la prueba del número de la licencia de un vehículo de motor será considerada como evidencia presuntiva de que la persona inscrita como dueño de

dicho vehículo conducía éste a la sazón; *Disponiéndose,* que si dicho dueño, consintiere en ser examinado bajo juramento acerca de la identidad de la persona que manejaba el vehículo en el momento del accidente, y manifestare bajo juramento que quien manejaba dicho vehículo era otra persona, quedará destruída la presunción prima facie.'' Si bien la acción en este caso se ejercita de acuerdo con las disposiciones del artículo 1802 del Código Civil, edición de 1930,([1]) no es menos cierto que la Ley núm. 279, antes citada, en sus disposiciones relativas al uso de vehículos de motor (artículo 12) y las disposiciones para reglamentar el tránsito (artículos 13 al 17 inclusive) establece obligaciones que una persona manejando un vehículo de motor debe observar al conducir el mismo por las carreteras y caminos públicos de Puerto Rico, y la inobservancia, descuido y negligencia de tal persona en el cumplimiento de tales obligaciones impuestas por la dicha Ley son la base para que en casos como el presente se ejercite la acción de acuerdo con el citado artículo del Código Civil. Por lo tanto la acción instituída en el presente caso—y sostenida por la prueba, que demostró que la persona que manejaba el camión que ocasionó los daños, al dar marcha en retroceso, lo hizo en violación de los deberes impuestos por la Ley núm. 279 ya referida—lo fué *por virtud de las disposiciones de dicha Ley,* y por lo tanto la presunción que surge de la prueba del número de la licencia del camión conforme lo dispone el artículo 11, inciso (*b*), de la misma, es suficiente para demostrar, en ausencia de prueba en contrario, que Pedro Martínez Cancel, persona inscrita como dueño de dicho vehículo, conducía éste al momento del accidente.

No habiendo destruído la parte demandada esta presunción, el caso prima facie establecido por los demandantes quedó intacto.

*Procede la confirmación de la sentencia apelada.*

---

([1])El artículo 1802 del Código Civil, ed. de 1930, prescribe:

''El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.''