# 96 DTA 62

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE MAYAGUEZ Y AGUADILLA

NORMA I. OLAVARRIA FRANQUI
Apelada

v.

LUIS HERNANDEZ CASTRO; INES CASTRO  HERNANDEZ,
SU ESPOSO LUIS HERNANDEZ Y LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR AMBOS
Apelantes

Núm. KLAN-95-00820

San Juan, Puerto Rico, a 16 de abril de 1996.

Panel integrado por su presidente, Juez Brau Ramírez
y los Jueces Colón Birriel y Delgado Hernández

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Los apelantes Luis Hernández Castro, Inés Castro, su esposo Luis Hernández y la Sociedad Legal de bienes gananciales compuesta por ambos recurren de una sentencia emitida el 29 de mayo de 1995 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante el referido dictamen, el Tribunal declaró con lugar la demanda por daños y perjuicios presentada contra los apelantes por la apelada Norma I. Olavarría Franqui y condenó a éstos a satisfacer a la primera la cantidad de $20,700.00. Confirmamos.

### II

El 14 de diciembre de 1991, cerca de las 12:30 de la madrugada, la apelada regresaba de su trabajo como operaria en la fábrica Avon Mirabella de San Sebastián. Conducía un automóvil de su propiedad marca Nissan Sentra, de 1987, por la carretera Núm. 111, en dirección de este a oeste. Cuando se acercaba a la Escuela Wilson situada en el Bo. Piedras Blancas del Municipio de San Sebastián, fue impactada por un vehículo Mitsubishi de 1990 propiedad de los esposos apelantes Luis Hernández e Inés Castro. En dicho vehículo viajaba el hijo de éstos, Luis Hernández Castro, de 22 años de edad, quien aparentemente conducía el automóvil, y un amigo de éste, Alberto Vázquez Méndez.

La apelante no vio el otro vehículo, ni quién lo conducía, sino que sólo sintió el impacto *"como una estrella que le cayó del cielo de súbito"*. El lugar del accidente estaba alumbrado y era una recta de más de un kilómetro de largo. La apelante testificó que ella venía a una velocidad de 35 millas por hora, y que traía las luces cortas.

El informe de la Policía sobre el accidente refleja que los agentes del orden público comparecieron al lugar a las 12:40 a.m. Pudieron observar que el vehículo de los apelados había invadido el carril por donde venía la apelada.

Como consecuencia del accidente la apelada sufrió serías lesiones, quedando inconsciente. También resultaron lesionados el apelante Hernández Castro y su amigo Vázquez Méndez. La apelante fue sometida a una operación de emergencia para controlarle la hemorragia interna. Dicha operación y otra adicional a la que tuvo que someterse le dejaron heridas desfigurantes en su abdomen. A la fecha del juicio la apelada tenía 38 años de edad. En total, estuvo hospitalizada por espacio de ocho (8) días, luego de lo cual permaneció convalesciendo en su hogar por tres (3) meses más.

Según su testimonio, el automóvil de la apelada tenía un valor de $5,500.00. Luego del accidente, lo vendió chocado or $1,800.00, sufriendo una pérdida de $3,700.00.

A raíz del accidente, la apelada presentó la presente acción por daños y perjuicios contra los apelantes ante el Tribunal Superior, Sala de Aguadilla, solicitando compensación por los daños experimentados. Los apelantes negaron las alegaciones y presentaron una reconvención, imputando a la apelada la responsabilidad por el accidente y solicitando resarcimiento por sus daños.

Luego de otros incidentes, el Tribunal celebró la vista en su fondo del caso. La apelada testificó según indicado. Los apelantes no presentaron prueba testifical alguna. El 29 de mayo de 1995, mediante el dictamen apelado, el Tribunal de Primera Instancia declaró con lugar la demanda. Determinó que el accidente había sido ocasionado por la negligencia del apelante Luis Hernández Castro y que los padres de éste respondían, conforme a lo dispuesto en 9 L.P.R.A. sec. 1751, porque el vehículo que éste conducía estaba inscrito a nombre de doña Inés.

El Tribunal valoró los daños personales de la apelada en $18,000.00, luego de efectuar la deducción contemplada por la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. sec. 2059(2). Le concedió, además, $3,700.00 de daños a la propiedad por concepto de los daños ocasionados a su vehículo.

Insatisfechos, los apelantes recurrieron ante este Tribunal.

### III

En su recurso, los apelantes plantean que las determinaciones del Tribunal sobre la responsabilidad de los apelantes por el accidente y sobre la cuantía de los daños no están sostenidas por la prueba.

La norma en nuestra jurisdicción, sin embargo, es que un tribunal apelativo no intervendrá con la apreciación de la prueba realizada por el tribunal de primera instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Véase, *Orta v. Padilla Ayala,* ___ D.P.R. ___ (1995 ), **95 J.T.S. 21,** a la pág. 668.

En el caso de autos, no hallamos justificación para sustituir el criterio del foro de Primera Instancia en torno a la valoración de la prueba. Entendemos que la decisión del Tribunal de imponer responsabilidad a los apelantes por el accidente está suficientemente apoyada por el récord.

En efecto, la apelada testificó que ella venía por su carril a una velocidad moderada con las luces cortas y que fue impactada *"como una estrella que le cayó del cielo de súbito".* El hecho de que la apelada no actuó de forma negligente permite inferir que el accidente fue provocado por la negligencia del conductor del otro vehículo. Esta inferencia está apoyada por la observación del agente de la Policía, quien señaló en su informe que el impacto se produjo dentro del carril por el que venía la apelada.

La parte apelante se queja de que el testimonio de la apelada no era suficiente para sostener la conclusión de que el otro vehículo estaba siendo conducido por el apelante Hernández Castro, ya que ésta no pudo ver quien manejaba el vehículo y luego perdió el conocimiento a consecuencia del choque. Este problema evidenciario, desde luego, es común a muchos accidentes ocurridos de noche, particularmente cuando la víctima del impacto pierde el conocimiento, como sucedió en el presente caso.

De ordinario, las personas que manejan vehículos por nuestras vías públicas no están muy pendientes de la identidad de otros conductores que transitan por dichas vías y que podrían impactarlos. (Si así lo hicieran, probablemente serían negligentes en el manejo de sus automóviles.) En la mayor parte de las ocasiones, la inferencia de que tal o más cual persona estaba conduciendo un automóvil al momento de un accidente es una inferencia basada en observaciones o información surgida luego del impacto, tal y como que esa fue la persona que se bajó del lado del conductor del vehículo envuelto.

Opinamos que en estos casos, como en numerosas otras situaciones evidenciarias, el juzgador debe descansar en la experiencia y el sentido común para resolver el problema epistemológico. En la situación de autos, no parece existir controversia que en el vehículo de los apelantes viajaban el joven Hernández Castro y su acompañante Vázquez Méndez. Coincidimos con el Tribunal de Primera

Instancia que la inferencia más razonable es que el vehículo lo conducía Hernández Castro, el hijo de su titular. Compárense, *Muñoz Meléndez v. Farmer,* 104 D.P.R. 297, 301 ( 1975 ) (debe presumirse que el vehículo era conducido por su titular); *Tapia v. Martínez,* 70 D.P.R. 55, 57 (1949). *Id.*

Esta inferencia está apoyada por el informe de la Policía, el cual refleja que el conductor del segundo vehículo lo era Hernández Castro. Este dato fue obtenido por investigación y posiblemente constituye prueba de referencia, debiendo ser tomado con cautela. No obstante, del informe de la Policía no surge que hubiera habido otros testigos en el lugar, por lo que debemos suponer que la fuente de esta información lo fue el propio apelante.

Cabe señalar que la parte apelante no presentó evidencia alguna en el juicio. Dicha parte claramente conocía quién era el conductor del vehículo. Al omitir ofrecer evidencia sobre este particular, puede inferirse que dicha prueba le hubiera sido adversa. Compárese, la Regla 16, incisos 5 y 6 de las de Evidencia, 32 L.P.R.A. Ap. IV.

Debe presumirse, además, que si el joven Hernández Castro conducía el automóvil, lo hacía con la autorización de su dueño, 9 L.P.R.A. sec. 1751; *Cordero Santiago v. Lizardi Caballero,* 89 D.P.R. 150, 157 (1963), por lo que actuó correctamente el Tribunal de primera Instancia al imponer responsabilidad a los demás apelantes por el accidente, bajo la sec. 13-101 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1751.

La parte apelante cuestiona, finalmente, la evaluación de los daños realizada por el foro de Primera Instancia. El Tribunal Supremo de Puerto Rico, sin embargo, ha observado que no existe un sistema mecánico para la determinación de los daños sufridos por una parte y por ello ha establecido que los tribunales apelativos no deberán intervenir con la estimación de los daños realizada por el juzgador de instancia salvo que las cuantías concedidas sean ridículamente bajas o exageradamente altas. Véase, e.g., *Vélez Rodríguez v. Amaro Cora,* ___ D.P.R. ___ (1995), **95 J.T.S. 38**, la pág. 759.

En la situación de autos, hemos examinado el récord y no encontramos base para intervenir con la valoración realizada por el Tribunal de Primera Instancia.

Por los fundamentos expresados, se confirma la sentencia apelada.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General